1.10856K

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RAMON SOTO, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24 CV 8826 |
| PEOPLES AUTO PARKING COMPANY, an Illinois Corporation, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT PEOPLES AUTO PARKING COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Defendant PEOPLES AUTO PARKING COMPANY, by and through its attorneys, Adam C. Carter and Jeffrey S. Barger of Esp Kreuzer Cores LLP, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, states as follows:

**INTRODUCTION**

1. Defendant admits Plaintiff brings this action alleging violations of the DPPA but denies said allegations. Defendant denies any remaining allegations contained in Paragraph 1.

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3.

4. Defendant admits the existence of the DPPA. Defendant denies Plaintiff accurately states the law as set forth in the DPPA. Defendant denies any remaining allegations contained in Paragraph 4.

5. Defendant denies the allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant denies that Plaintiff is entitled to any relief from Defendant as requested in Paragraph 7. Defendant denies any remaining allegations contained in Paragraph 7.

## PARTIES

8. Defendant admits Plaintiff is a resident of Chicago, Illinois.

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10.

## JURISDICTION & VENUE

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant admits that venue is proper in this United States District Court for the Northern District of Illinois. Defendant admits it does business in Illinois and within the Northern District. Defendant denies all remaining allegations contained in Paragraph 12.

## FACTUAL ALLEGATIONS

**A. The DPPA**

13. Defendant admits the existence of the DPPA, generally found at 18 U.S. Code §2721, *et seq.* Defendant denies any remaining allegations contained in Paragraph 13, including that Plaintiff accurately and fully stated the law found in the DPPA and including that it applies to Defendant in this lawsuit. Defendant denies any remaining allegations contained in Paragraph 13.

14. Defendant admits the existence of the DPPA, generally found at 18 U.S. Code §2721, *et seq.* Defendant admits that Plaintiff partially, but not fully, quoted 18 U.S.C. §2725(3). Defendant denies that 18 U.S.C. §2721(a)(1) is applicable in this matter and denies that Plaintiff

accurately quoted it. Further, Defendant denies that Plaintiff accurately cited 18 U.S.C. §2721(a)(2). Further answering, Defendant denies that 18 U.S.C. §2721(a) is applicable in this lawsuit against Defendant. Defendant denies any remaining allegations contained in Paragraph 14.

15. Defendant admits Plaintiff cited 18 U.S.C. §2725(1) but denies its applicability against Defendant in this lawsuit.

16. Defendant admits Plaintiff cited 18 U.S.C. §2722(a) but denies its applicability against Defendant in this lawsuit.

17. Defendant denies that Plaintiff accurately and fully cited 18 U.S.C. §2724(a). Further, Defendant denies its applicability against Defendant in this lawsuit.

18. Defendant admits Plaintiff cited portions of 18 U.S.C. §2721(b) but denies its applicability against Defendant in this lawsuit.

19. Defendant denies Plaintiff accurately cited 18 U.S.C. §2722 (a)(13). Further answering, Defendant denies the statute's applicability against Defendant in this lawsuit.

20. Defendant denies that Plaintiff fully and accurately cited 18 U.S.C. §2724(a). Defendant further denies the statute's applicability against Defendant in this lawsuit.

**B. Defendants' Unlawful Conduct.**

21. Defendant admits the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22 for the period of time alleged in Plaintiff's First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 for the period of time alleged in Plaintiff's First Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 for the period of time alleged in Plaintiff's First Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits it did not obtain express written consent but denies any remaining allegations contained in Paragraph 29. Specifically, Defendant denies it obtained or used "such information" as alleged.

**C.    Plaintiff's Factual Allegations**

30. Defendant admits the allegations contained in Paragraph 30.

31. Defendant admits that Plaintiff only partially paid for his parking. Defendant denies Plaintiff fully paid for his parking. Defendant admits License Plate Recognition was utilized in the lot and that Plaintiff was given notice that License Plate Recognition was utilized. Defendant denies any remaining allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant admits Plaintiff never provided Defendant with his personal information. Defendant denies all remaining allegations contained in Paragraph 37.

38. Defendant admits that Plaintiff did not provide Defendant with express written consent to obtain or use motor vehicle records. Defendant denies all remaining allegations contained in Paragraph 38.

## CLASS ACTION ALLEGATIONS

39. Defendant denies the allegations contained in Paragraph 39, including subparagraphs. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

40. Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

42. Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

43. Defendant denies the allegations contained in Paragraph 43. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

44. Defendant denies the allegations contained in Paragraph 44, including subparagraph a. through e. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

45. Defendant denies the allegations contained in Paragraph 45. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

46. Defendant denies the allegations contained in Paragraph 46. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass."

## COUNT I
### Violation of the Drivers Protection Privacy Act
### 18 U.S.C. § 2721, *et seq.*
### (On behalf of Plaintiff and the Class and Subclass)

47. Defendant repeats, realleges, and incorporates by reference its answers to each of the foregoing Paragraphs as though stated herein as its answer to Paragraph 47 of Count I.

48. Defendant admits the existence of the DPPA, generally found at 18 U.S. Code §2721, *et seq.* Defendant denies any remaining allegations contained in Paragraph 48, including that Plaintiff accurately stated the law found in the DPPA and including that it applies to Defendant in this lawsuit.

49. Defendant admits Plaintiff is a "person" within the meaning of 18 U.S.C. §2725(2). Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass." Defendant denies there are "Class Members" as alleged in Paragraph 49. Defendant denies any remaining allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification

for "The Class" and for "The Subclass." Defendant denies there are "Class Members" as alleged in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass." Defendant denies there are "Class Members" as alleged in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass." Defendant denies there are "Class Members" as alleged in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54. Defendant further denies the statute's applicability against Defendant in this lawsuit.

55. Defendant admits it did not receive express written consent from Plaintiff to obtain, disclose, use, redisclose, or resell his Personal Information. Further answering, Defendant denies that it obtained, disclosed, used, redisclosed, or resold Plaintiff's Personal Information. Defendant denies there are individuals sufficient to fulfill all requirements for class certification. Defendant denies there are "Class Members" as alleged in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56. Further answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass." Defendant denies there are "Class Members" as alleged in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57. Defendant denies Plaintiff is entitled to any relief whatsoever from this Defendant pursuant to the DPPA. Further

answering, Defendant denies there are individuals sufficient to fulfill all requirements for class certification for "The Class" and for "The Subclass." Defendant denies there are "Class Members" as alleged in Paragraph 57.

WHEREFORE, Defendant PEOPLES AUTO PARKING COMPANY by and through its attorneys, denies that Plaintiff is entitled to judgment against this Defendant in any amount whatsoever, and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action. Further, Defendant PEOPLES AUTO PARKING COMPANY prays for this Court to deny the requested certification of a class as requested by Plaintiff in his Prayer For Relief. Defendant PEOPLES AUTO PARKING COMPANY prays that this Court deny Plaintiff's Prayer for Relief in full, including denials of requests set forth in sub-paragraphs A. through G. Defendant PEOPLES AUTO PARKING COMPANY demands a trial by jury.

### AFFIRMATIVE DEFENSES

Defendant PEOPLES AUTO PARKING COMPANY, by and through its attorneys, Adam C. Carter and Jeffrey S. Barger of Esp Kreuzer Cores LLP, and for its Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

1. Plaintiff is not entitled to punitive or liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive or liquidated damages.

### Third Affirmative Defense

8

1. Without assuming the burden of proof on class certification, Plaintiff does not have the facts or information necessary to fulfill the FRCP 23 requirements for class certification, including numerosity, commonality, typicality, and adequate protection of the class by the Plaintiff.

### Fourth Affirmative Defense

1. Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

Defendant reserves the right to assert additional affirmative defenses as they become evidence through investigation and discovery.

RESPECTFULLY SUBMITTED,

By: _____
Adam C. Carter,
One of the attorneys for
Peoples Auto Parking Company

Adam C. Carter, #6274669
Jeffrey S. Barger, #6274517
ESP KREUZER CORES LLP
400 S. County Farm Road
Suite 200
Wheaton, Illinois 60187
(630) 871-1002
acarter@ekclawfirm.com
jbarger@ekclawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2024, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system. CM/ECF will send notification to all attorneys of record.

_____